UNITED STATES of America,

v.

**AMREP CORPORATION et al., Defendants.**

**No. 75 Cr. 1023 (CMM).**

United States District Court, S. D. New York.

July 22, 1976.

**474**

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, New York City, for the United States of America; Patricia M. Hynes, Michael S. Devorkin, Asst. U. S. Attys., New York City, of counsel.

Proskauer Rose Goetz & Mendelsohn, New York City, for defendant Amrep Corp.; George G. Gallantz, Larry M. Lavinsky, Lois D. Thompson, New York City, of counsel.

METZNER, District Judge:

Defendant Amrep Corporation moves pursuant to Rule 14, Fed.R.Crim.P. to sever defendant Solomon Friend, its general counsel based on a conflict between Friend's defense and the attorney-client privilege and the work product privilege of Amrep under the Fifth and Sixth Amendments.

This motion raises a difficult problem. Since 1970, Friend has been the general counsel to the corporation. As such, he has been involved in every aspect of its operations and its defense to the charges in this indictment, and the charges pending before the Federal Trade Commission (FTC). The FTC commenced its investigation in April 1973 and the grand jury commenced its investigation in March 1974. Friend severed the attorney-client relationship on January 28, 1975, when he was advised that he was a target of the grand jury investigation.

Friend claims that he was privy to the defense preparations in both investigations, and learned, in privileged communications, exculpatory information necessary to his own defense. There is no question that Friend would have the right to introduce in evidence such communications in his own defense in the criminal trial. *Meyerhofer v. Empire Fire and Marine Insurance Company*, 497 F.2d 1190 (2d Cir. 1974).

Communications between Friend and Amrep prior to the institution of the investigations may not be privileged since it is alleged that he was a participant with Amrep in criminal activity. If true, the privilege disappears on the trial. *United States v. Aldridge*, 484 F.2d 655 (7th Cir. 1973), *cert. denied*, 415 U.S. 921, 922, 94 S.Ct. 1423, 39 L.Ed.2d 477 (1974); *United States v. Bob*, 106 F.2d 37 (2d Cir.), *cert. denied*, 308 U.S. 589, 60 S.Ct. 115, 84 L.Ed. 493 (1939). Of course, a prima facie case must first be established against the par-

ties. That point, however, will be reached at the close of the government's case and before Friend is called upon to present a defense.

■ On the other hand, if we were presented with a case in which only the work product of counsel in connection with the FTC and grand jury proceedings were involved, then the resolution would be equally clear. Work product receives broader application than attorney-client privilege, *United States v. Nobles*, 422 U.S. 225, 238 n. 11, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975), and is constitutionally based. *In re Terkeltoub*, 256 F.Supp. 683 (S.D.N.Y.1966).

*Terkeltoub* presents the same underlying problem as in this case although the fact situation is completely different. Judge Frankel pointed out that despite the breadth of the privilege, he would not categorically deny the government's right to compel testimony from defense counsel before a grand jury as to whether counsel was present with his client during an alleged attempt to tamper with a witness after indictment of the client. On the facts of the case before him, Judge Frankel denied the government's application.

Turning then to the facts of this case, we have a lawyer-defendant who is charged with active participation with his client in a crime and who continues in the lawyer-client relationship after the governmental investigations are instituted. He had as much stake in the outcome of those proceedings as his client, and from all I can gather, their interests at the time were identical.

There is every indication at the present time that the trial will last for three months. Two long trials instead of one is not looked forward to with equanimity by a court faced with heavy calendars. On the other hand, a fair trial is more important than the interest of judicial economy.

■ The court has not been furnished with anything concrete to show prejudice justifying a severance. Only the bald proposition of "council of defense," or work product has been urged by Amrep. This, as Judge Frankel's analysis in *Terkeltoub* indicated, is not enough to grant a severance at the present writing.

The court perceives that only a small portion of the total evidence on the part of the defense might be included in privileged material. The resolution of the claim of work product can await the presentation of the issue on the trial. It may well be that prejudice may no longer exist if the defense is called upon to proceed. Of course, the government must understand that it might be met with a successful motion either by Amrep or Friend to be severed at that time, depending on the circumstances.

■ By letter to the court dated February 6, 1976, the corporate defendants expressed a wish to join in certain motions made by other defendants. There was a motion by Carity and Daniel Friedman to dismiss the indictment for grand jury impropriety with respect to the testimony of Solomon Friend. Although Carity and Friedman lacked standing to raise the question, the corporations who are the actual clients do not.

The affidavit on the Carity/Friedman motion sets forth two possible areas which covered privileged information: first, that grand jury witnesses were being debriefed by defense counsel, and second, that there was possible inaccuracy in a report of water depth.

■ As to the question of debriefing, it would not appear that this could damage defendants. Debriefing is a fact of the proceedings and always occurs where possible, and counsel would be lax if they failed to attempt to do so.

■ As to the question of the report, this was information already given to the grand jury by a nonprivileged individual, and was not privileged in itself.

Motion denied.

So ordered.