Charles HOUSLER et al., Plaintiffs,

v.

The FIRST NATIONAL BANK OF
EAST ISLIP, Russell J. Wolpert,
et al., Defendants.

Charles H. WOLPERT et al., Plaintiffs,

v.

The FIRST NATIONAL BANK OF
EAST ISLIP, Charles J. Thornewell,
et al., Defendants.

Nos. 73 C 1123, 74 C 333.

United States District Court,
E. D. New York.

Feb. 28, 1980.

Donner, Fagelson, Hariton & Berka, Bay Shore, N. Y., for plaintiffs Wolpert, et al. by Frederick Fagelson, Bay Shore, N. Y.

Finley, Kumble, Wagner, Heine & Underberg, New York City, for defendants First Nat. Bank of East Islip by Donald S. Snider, Theodore J. Greene, New York City.

MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiffs in these consolidated actions, shareholders of The First National Bank of

East Islip ("the Bank"), sue derivatively on its behalf and as a class to recover bank funds allegedly used or wasted by the named defendant directors of the Bank in violation of federal statutes and their common law duties. By order in the *Wolpert* action dated June 28, 1974, Walter J. Lang, Jr., Esq., general counsel to the Bank for 16 years, was enjoined from associating himself in any manner with plaintiffs or their counsel, from disclosing any secret or confidential information obtained by him during his employment as counsel, and from contacting other shareholders of the Bank for purposes of inducing them to commence or to intervene in any action against the Bank. Affidavits previously submitted by Lang in the *Wolpert* action were also stricken from the record and sealed.[1] The action is now before the court on plaintiffs' motion to partially vacate and modify the court's protective order.

At the hearing on defendants' motion for the protective order the court based its decision on *Doe v. A. Corp.*, 330 F.Supp. 1352 (S.D.N.Y.), *aff'd sub nom. Hall v. A. Corp.*, 453 F.2d 1375 (2 Cir. 1972), and *Emle Industries v. Patentex, Inc.*, 478 F.2d 562 (2 Cir. 1973). These cases illustrate the rule in this circuit that Canon 4 of the Code of Professional Responsibility, which provides that a lawyer should preserve the confidences and secrets of a client, requires that a strict prophylactic rule be applied to prevent any possibility that confidential information acquired from a client during a previous relationship may subsequently be used to the client's disadvantage. Although Lang was neither a party nor counsel to a party in a suit against his former clients, the court found that he had allied himself with plaintiffs and had placed in the court record two affidavits containing his opinions and infor-

mation gained from his status as general counsel to the Bank. The court denied defendants' motion to dismiss the complaint based on this asserted impropriety on Lang's part, but entered the protective order to ensure that insofar as his testimony would conflict with his duty under Canon 4 to his former client, Lang could not be the means by which plaintiffs would be permitted to prove the allegations of the complaint.

Plaintiffs move now to have the two Lang affidavits unsealed and restored to the record, and to lift the injunction preventing Lang from disclosing any secret or confidential information obtained by him during his employment as general counsel to the Bank. In support of their motion, and apparently to show some change of circumstances, plaintiffs cite *Meyerhoffer v. Empire Fire and Marine Insurance Co.*, 497 F.2d 1190 (2 Cir. 1974), a case decided after argument and decision on defendants' motion for the protective order but before the order was signed.[2]

In *Meyerhoffer*, an attorney who had formerly been associated with the law firm representing the defendant issuer of securities was named as a defendant, but not served, in a class action brought by purchasers of securities. The attorney had given a copy of his previously prepared affidavit to counsel for plaintiffs in a successful effort to show that he should be dropped as a defendant. The Court of Appeals in *Meyerhoffer* reversed the district court's order insofar as it dismissed the action without prejudice and disqualified and enjoined plaintiffs' counsel who had received the affidavit of the former associate of defendant's counsel. The court, however, affirmed the district court's order to the ex-

---

1. At the time the court's protective order was entered in the *Wolpert* action, Lang was not a party to that suit, but had been named as a third party defendant in the related *Housler* action. The *Housler* third party complaint was withdrawn without prejudice in November 1974, and the *Wolpert* and *Housler* cases were consolidated by stipulation of the parties in October 1977. Lang was again joined as a third party defendant in January 1979.

2. The court notes that in the two weeks between the *Meyerhoffer* decision and the entering of this court's protective order, or shortly thereafter, counsel for plaintiffs could have applied for reconsideration on the grounds of the assertedly "new" law. Although plaintiffs' motion was made four and one-half years after *Meyerhoffer*, the court declines defendants' invitation to deny the motion on this ground alone.

tent that it prohibited the former associate from acting as a party or as attorney for a party in any action arising out of the facts alleged in the complaint or from disclosing material information except on discovery or at trial.

Rather than modifying the law in this circuit as declared in *Emle Industries, Inc. v. Patentex, Inc., supra,* the decision in *Meyerhoffer* represents merely an application on the narrow facts therein of the rule of Canon 4, DR 4–101(C), which provides that a lawyer may reveal secrets or confidences of a client when necessary to defend himself against an accusation of wrongful conduct.[3]

In the case at bar, the court found that Lang was the source of information being used by counsel for plaintiffs to maintain their action against defendants. It is noteworthy that the original third party answer interposed on Lang's behalf in *Housler* in January, 1974 was filed by the firm that filed the complaint and order to show cause in *Wolpert* in February, 1974. Of the affidavits of Lang that plaintiffs now seek to unseal, one bears the same date as, and was submitted in support of, the initial order to show cause in *Wolpert.* The second affidavit, dated three months later, was submitted in opposition to defendants' motion to dismiss the *Wolpert* complaint. This set of circumstances is clearly distinguishable from that in *Meyerhoffer,* where the court found not even a suggestion of proof that the attorney had revealed any information

that might have caused the instigation of the suit, and concluded that the attorney's role was not one of "intimacy with the prosecution of the litigation" which would require application of the strict prophylactic rule of *Emle, supra. Meyerhoffer v. Empire Fire and Marine Insurance Co., supra,* 497 F.2d at 1194, 1195. This "appropriate disclosure," rightfully made under DR 4–101(C) as the court concluded, cannot be compared with Lang's alliance, from before the inception of the *Wolpert* action, with the adversaries of his former clients. The court is not persuaded that the *Meyerhoffer* decision requires a modification of its earlier finding that the two Lang affidavits were improperly submitted and that they must be stricken from the record and sealed.[4]

Since the submission of the parties' papers on this motion, Lang has again been named by defendants as a third party defendant. Defendants, however, have not sought to depose him, nor is there any indication that they have consented to Lang's disclosure of confidences he obtained during his long employment as general counsel to the Bank. See EC 4–5; DR 4–101(B)(3). If any disclosure of such confidences is to be made, it may only be in the narrow context of Lang's own defense. See, *e. g., United States v. Amrep,* 418 F.Supp. 473, 474 (S.D.N.Y.1976). The court is of opinion that his third party status alone does not alter Lang's ethical obligation under Cannon 4 not to disclose the secrets and confi-

---

**3.** Nor can this reading of *Meyerhoffer* be considered "new" law. Both before that decision and since, DR 4–101(C) and the entire ABA Code of Professional Responsibility have been recognized by federal and State courts in this circuit as prescribing appropriate guidelines for the professional conduct of the bar. See *Emle Industries, Inc. v. Patentex, Inc., supra,* 478 F.2d at 564; *NCK Organization, Ltd. v. Bregman,* 542 F.2d 128, 129, n. 2 (2 Cir. 1976).

**4.** A closer view of the facts in *Meyerhoffer* further distinguishes that case from the one at bar. Well before the institution of the *Meyerhoffer* class action alleging that defendant's prospectus contained material misrepresentations, the associate had sought to persuade his firm's partners of the need for fuller disclosure. He immediately resigned from the firm when

his advice was declined. That same week he placed before the Securities Exchange Commission ("SEC") his affidavit and exhibits making full disclosure of his knowledge concerning the offering and his involvement therein. It was only three months later, upon being informed that he was to be included as a defendant in an impending action, and after consultation with his own counsel as well as with the Special Counsel to the SEC Enforcement Division, that the attorney contacted counsel for plaintiffs and gave them a copy of his affidavit. It is clear that the *Meyerhoffer* court considered the attorney to have been in a situation of some urgency and acting in a defensive manner in the face of allegations of violation of criminal statutes and substantial civil liability.

dences of his former clients for the benefit of their present adversaries. The policies supporting Canon 4 reflect the public's interest in the scrupulous administration of justice, *Emle Industries, Inc. v. Patentex, Inc., supra,* 478 F.2d at 564, and they do not permit on this motion an alteration of the court's earlier conclusion that Lang may not be the means by which plaintiffs may prove the allegations of their complaint.

Accordingly, plaintiffs' motion is denied.

SO ORDERED.

Counsel for the parties are directed to appear at a conference on March 28, 1980, at 2:00 p. m. to discuss the further prosecution of this action. The Clerk of the Court is directed to send copies of this memorandum order to counsel for all the parties.