G. Curt BORGWARDT and C & S Graphics, Plaintiffs-Appellants,

v.

Ralph REDLIN, C.P.A., Michael Browne, C.P.A., Gregory Ksicinski, C.P.A., Redlin, Browne & Company Certified Public Accountants, S.C., and Crum & Foster Managers, Defendants-Respondents,

M & W, LTD., c/o Charles Mulcahy, Esq., Charles C. Mulcahy, Esq., Michael R. Wherry, Esq., Nelson S. Weine, Esq., and ABC Insurance Company, Defendants.

Court of Appeals

*No. 94–2701. Submitted on briefs July 11, 1995.—Decided August 8, 1995.*

(Also reported in 538 N.W.2d 581.)

346

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Paul R. Erickson* and *Bradley I. Dallet* of *Gutglass, Erickson & Bonville, S.C.*, of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the briefs of *Barbara J. Janaszek* and *Ann M. Maher* of *Whyte Hirschboeck Dudek S.C.*, of Milwaukee.

Before Sullivan, Fine and Schudson, JJ.

FINE, J. This is an appeal from the trial court's non-final order directing Nelson S. Weine, Esq., a non-party deposition witness, to produce documents that the plaintiffs claim are protected by the attorney-client privilege and the work-product doctrine.[1] We reverse.

## I.

This is an accounting and legal malpractice action. The complaint filed by G. Curt Borgwardt and C & S Graphics alleged, *inter alia*, that the law firm of M & W, Ltd., and three named attorneys employed by the firm, including Weine, were negligent in connection with the plaintiffs' purchase of another business, which subsequently failed. At the time of the alleged professional malpractice, the M & W attorneys represented Borgwardt and C & S Graphics.

---

[1] We granted the plaintiffs' leave to appeal from the non-final order. *See* § 808.03(2), STATS.

All claims against the M & W attorneys were dismissed without prejudice on June 11, 1992, by stipulation. Before that dismissal, however, Borgwardt and C & S Graphics sought from M & W and the three lawyers "[a]ny and all documents or things in writing relating to Curt Borgwardt or C&S Graphics in the [lawyers'] possession or control." No other party either joined in that request or made an independent request for the documents. Counsel for M & W responded that the documents were available for either inspection or copying, as provided for by RULE 804.09, STATS. Although the record is not clear, presumably counsel for Borgwardt and C & S Graphics examined or copied the documents.

After the M & W attorneys were dismissed from this action, the accounting defendants deposed Weine pursuant to a subpoena *duces tecum*. *See* RULES 804.05(1) & 805.07, STATS. At his deposition, Weine produced the M & W file relating to Borgwardt and C & S Graphics, but withheld two sets of documents, identified at the deposition as exhibits 161 and 162, which he claimed were protected from disclosure by the attorney-client privilege belonging to Borgwardt and C & S Graphics and by the work-product doctrine. The accounting defendants moved the trial court to compel discovery of the two exhibits.

The trial court held a hearing on the accounting defendants' motion to compel discovery of the Weine deposition exhibits 161 and 162, but did not examine the documents *in camera* to determine whether either the attorney-client privilege or the work-product doctrine applied. Rather, the trial court held that whatever privileges that might have protected the documents from disclosure were waived by virtue of RULE

905.11, STATS.[2] The trial court concluded in an oral decision that once Borgwardt and C & S Graphics requested production of their file from M & W, "all parties [were] made privy to that discovery." Further the trial court ruled, apparently without examining the documents, that the work-product doctrine did not apply because the documents were not prepared "in anticipation of *this* litigation." (Emphasis added.)[3]

---

[2] RULE 905.11, STATS., provides:

**Waiver of privilege by voluntary disclosure.** A person upon whom this chapter confers a privilege against disclosure of the confidential matter or communication waives the privilege if the person or his or her predecessor, while holder of the privilege, voluntarily discloses or consents to disclosure of any significant part of the matter or communication. This section does not apply if the disclosure is itself a privileged communication.

[3] The following is the trial court's analysis on these issues:

[P]ursuant to Wisconsin discovery statutes, in particular 804.09, when a party is served such a request, all parties are made privy to that discovery. In the response there was no contingency placed by [M & W's attorney]. He didn't say these documents will be made available only to plaintiff or plaintiff's counsel. It's carte blanche they'll be made available upon reasonable advance notice or say you'll pay for them and we'll just give you copies.

. . . .

So what we have here is the defense claims that there is a waiver by failing to object. And in that regard, I agree with the defense that because the plaintiff, Mr. Borgwardt, did not interpose an objection on any grounds whatsoever, notwithstanding the fact that the lawyers were involved in the case at that time, the objection could have been proffered. It was not, and therefore I construe that that is a waiver under 905.11 . . . .

. . . .

And therefore with respect to Exhibit 162, upon which a claim of attorney-client privilege is interposed by the plaintiff, that objection is overruled, and I'm going to grant the motion to compel, and the plaintiff must produce for the defense Exhibit No. 162.

With respect to Exhibit 161, that is the exhibit that contains the purported work product. The work product, however, in ques-

## II.

A trial court's decision whether to order discovery is vested in its sound discretion. *Vincent & Vincent, Inc. v. Spacek*, 102 Wis. 2d 266, 270, 306 N.W.2d 85, 87 (Ct. App. 1981). A trial court's discretionary determination will be upheld on appeal if it is "consistent with the facts of record and established legal principles." *Lievrouw v. Roth*, 157 Wis. 2d 332, 358-359, 459 N.W.2d 850, 859-860 (Ct. App. 1990). We reverse because the trial court misconstrued the law of waiver as applied to the attorney-client privilege and the work-product doctrine.

RULE 804.01(2)(a), STATS., provides that parties to civil litigation "may obtain discovery regarding any matter, *not privileged*, which is relevant to the subject matter involved in the pending action" even though the information sought would not be admissible at trial as long as "the information sought appears reasonably calculated to lead to the discovery of admissible evidence." (Emphasis added.) Privileges in Wisconsin are governed by CHAPTER 905, STATS. RULE 905.01, STATS., reaffirms that parties in litigation are entitled to every person's evidence, except when a person from whom evidence is sought has a privilege not to give evidence that is "inherent or implicit in statute or in rules adopted by the supreme court or required by the consti-

tion was not prepared in anticipation of this litigation, and I don't construe the documents as they have been propounded to the Court to fall within the definition of confidential matters or communications to which the privilege would apply. And because the work product was not prepared in anticipation of this litigation, and because the Court does not find that it would fall coterminusly [*sic*] under the lawyer client privilege 905.03, the Court is going to grant the motion to compel that Exhibit 161 also be turned over to the defense.

tution of the United States or Wisconsin."[4] There are two privileges operative here: the attorney-client privilege codified in RULE 905.03, STATS., and the work-product doctrine, as adopted in Wisconsin by *State ex rel. Dudek v. Circuit Court*, 34 Wis. 2d 559, 150 N.W.2d 387 (1967), and partially codified by RULE 804.01(2)(c), STATS.[5]

[4] RULE 905.01, STATS., provides:

**Privileges recognized only as provided.** Except as provided by or inherent or implicit in statute or in rules adopted by the supreme court or required by the constitution of the United States or Wisconsin, no person has a privilege to:

(1) Refuse to be a witness; or

(2) Refuse to disclose any matter; or

(3) Refuse to produce any object or writing; or

(4) Prevent another from being a witness or disclosing any matter or producing any object or writing.

[5] RULE 905.03, STATS., provides:

**Lawyer-client privilege.** (1) DEFINITIONS. As used in this section:

(a) A "client" is a person, public officer, or corporation, association, or other organization or entity, either public or private, who is rendered professional legal services by a lawyer, or who consults a lawyer with a view to obtaining professional legal services from the lawyer.

(b) A "lawyer" is a person authorized, or reasonably believed by the client to be authorized, to practice law in any state or nation.

(c) A "representative of the lawyer" is one employed to assist the lawyer in the rendition of professional legal services.

(d) A communication is "confidential" if not intended to be disclosed to 3rd persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication.

(2) GENERAL RULE OF PRIVILEGE. A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client: between

351

The attorney-client privilege applies to confidential communications from the client to the lawyer, and

the client or the client's representative and the client's lawyer or the lawyer's representative; or between the client's lawyer and the lawyer's representative; or by the client or the client's lawyer to a lawyer representing another in a matter of common interest; or between representatives of the client or between the client and a representative of the client; or between lawyers representing the client.

(3) WHO MAY CLAIM THE PRIVILEGE. The privilege may be claimed by the client, the client's guardian or conservator, the personal representative of a deceased client, or the successor, trustee, or similar representative of a corporation, association, or other organization, whether or not in existence. The person who was the lawyer at the time of the communication may claim the privilege but only on behalf of the client. The lawyer's authority to do so is presumed in the absence of evidence to the contrary.

(4) EXCEPTIONS. There is no privilege under this rule:

(a) *Furtherance of crime or fraud.* If the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or reasonably should have known to be a crime or fraud; or

(b) *Claimants through same deceased client.* As to a communication relevant to an issue between parties who claim through the same deceased client, regardless of whether the claims are by testate or intestate succession or by inter vivos transaction; or

(c) *Breach of duty by lawyer or client.* As to a communication relevant to an issue of breach of duty by the lawyer to the lawyer's client or by the client to the client's lawyer; or

(d) *Document attested by lawyer.* As to a communication relevant to an issue concerning an attested document to which the lawyer is an attesting witness; or

(e) *Joint clients.* As to a communication relevant to a matter of common interest between 2 or more clients if the communication was made by any of them to a lawyer retained or consulted in common, when offered in an action between any of the clients.

RULE 804.01(2)(c), STATS., provides:

(2) SCOPE OF DISCOVERY. Unless otherwise limited by order of the court in accordance with the provisions of this chapter, the scope of discovery is as follows:

. . . .

from the lawyer to the client if disclosure of the lawyer-to-client communications would directly or indirectly reveal the substance of the client's confidential communications to the lawyer. *Journal/Sentinel, Inc. v. School Bd.*, 186 Wis. 2d 443, 460, 521 N.W.2d 165, 173 (Ct. App. 1994). The privilege is "absolute" unless it either does not apply because of one or more of the exceptions set out in RULE 905.03(4), STATS., or is waived by operation of RULE 905.11, STATS. *See Dudek*, 34 Wis. 2d at 581, 150 N.W.2d at 399–400.

The work-product doctrine is a "qualified privilege," *United States v. Nobles*, 422 U.S. 225, 237–238

---

(c) *Trial preparation: materials.* 1. Subject to par. (d) a party may obtain discovery of documents and tangible things otherwise discoverable under par. (a) and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including an attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and that the party seeking discovery is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

2. A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order. Section 804.12 (1) (c) applies to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

(1975), and applies to matters "prepared in anticipation of litigation or for trial." RULE 804.01(2)(c), STATS. The "litigation" need not have been commenced at the time the documents were prepared:

> Prudent parties anticipate litigation, and begin preparation prior to the time suit is formally commenced. Thus the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.

See 8 C.A. WRIGHT, A.R. MILLER, & R.L. MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2024 at 343 (1994) (interpreting the federal analogue to RULE 804.01(2)(c), FED. R. CIV. P. 26(b)(3)). Moreover, the "litigation" need not be the proceeding in which the doctrine is asserted. See Federal Trade Comm'n v. Grolier Inc., 462 U.S. 19, 25–26 (1983) (interpreting the federal analogue to RULE 804.01(2)(c), FED. R. CIV. P. 26(b)(3)); see also id., 462 U.S. at 29–30 (Brennan, J., concurring). Unlike the attorney-client privilege, the qualified privilege afforded by the work-product doctrine gives way "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and that the party seeking discovery is unable without undue hardship to obtain the substantial equivalent of the materials by other means." RULE 804.01(2)(c)1, STATS.

An otherwise valid privilege is waived "if the person . . . while holder of the privilege, voluntarily discloses or consents to disclosure of any significant part of the matter or communication." RULE 905.11, STATS. There must be actual disclosure; mere "consent

354

to disclosure" that is withdrawn prior to actual disclosure is not a waiver. *Cf.* 2 J.B. WEINSTEIN & M.A. BERGER, WEINSTEIN'S EVIDENCE, ¶ 511[02] at 511–8 (1995) ("waiver occurs only if 'any significant part of the matter or communication' is disclosed") (interpreting Supreme Court Standard 511, adopted verbatim in Wisconsin as RULE 905.11, STATS.). Further, there is no waiver "if the disclosure is itself a privileged communication." RULE 905.11. We examine the impact of this rule on both the attorney-client privilege and the work-product doctrine.

■

The attorney-client privilege belongs to the client. RULE 905.03(2), STATS. The client is therefore the privilege's "holder," as that term is used in RULE 905.11, STATS. Only the client or someone authorized by the client to do so may waive the privilege. *Dudek*, 34 Wis. 2d at 605, 150 N.W.2d at 412 (An attorney "may not waive any objections to discovery which are based upon the attorney-client privilege. Only the client can waive these objections."); *Swan Sales Corp. v. Jos. Schlitz Brewing Co.*, 126 Wis. 2d 16, 31–32, 374 N.W.2d 640, 648 (Ct. App. 1985) (Both the attorney-client privilege and the work-product doctrine "are owned by the attorney's client and can only be waived voluntarily at the client's direction.").[6] There is nothing in the record here that demonstrates that Borgwardt and C & S

---

[6] *See also Dudek*, 34 Wis. 2d at 578, 150 N.W.2d at 398: Attorney-client privileged communications are immune "from disclosure unless the privilege is waived by the client or unless disclosure is required for the protection of the attorney, the client, or the client's interests." There is no evidence in the record that disclosure here is required to protect Borgwardt and C & S Graphics, their interests, or those of M & W. Indeed, disclosure might have just the opposite effect.

Graphics either personally waived their attorney-client privilege in connection with the documents or that they directed their attorneys to waive the privilege. Certainly, a client's request to see his or her file that is in the possession of current or former counsel does not waive the attorney-client privilege as to that file, even if the request is made under RULE 804.09, STATS. The rule provides: "Any party may serve on any other party a request (a) to produce *and permit the party making the request, or someone acting on the party's behalf,* to inspect and copy, any designated documents." RULE 804.09(1), STATS. (Emphasis added.) Thus, contrary to the trial court's conclusion, a request for production of documents by a party under this rule is not a "carte blanche" invitation to all. The record does not indicate that anyone other than Borgwardt and C & S Graphics examined the documents that were produced pursuant to the request, and disclosure to them of attorney-client privileged documents was itself "a privileged communication." *See Journal/Sentinel, Inc.,* 186 Wis. 2d at 460, 521 N.W.2d at 173 (attorney-client privilege applies to confidential communications from the lawyer to the client if "disclosure of the lawyer-to-client communications would directly or indirectly reveal the substance of the client's confidential communications to the lawyer"). As such, it was not a waiver under RULE 905.11. There was no waiver.[7]

---

[7] Although not relied on by the trial court, the accounting defendants argue that the exception to the attorney-client privilege under RULE 905.03(4)(c), STATS., operates to give them access to the documents. Under RULE 905.03(4)(c) a client may not assert the attorney-client privilege "[a]s to a communication relevant to an issue of breach of duty by the lawyer to the lawyer's client or by the client to the client's lawyer." This exception, however, applies only to claims between the client and the

The work-product-doctrine qualified privilege protects from disclosure those investigations and analyses made by a party or by the party's agent, who may but need not be a lawyer, *see* RULE 804.01(2)(c)1, STATS. *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947) (lawyer preparing for litigation must assemble, sift, and analyze information); *Dudek*, 34 Wis. 2d at 590, 595, 150 N.W.2d at 404, 407. The doctrine is designed to reward industry and discourage indolence. *See Dudek*, 34 Wis. 2d at 590, 150 N.W.2d at 404; *see also Hickman*, 329 U.S. at 516 ("Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary.") (Jackson, J., concurring). As with the attorney-client privilege, the work-product doctrine cannot be waived by exposure to the client for whom the investigations and analyses are made; the qualified privilege is "owned by the attorney's client and can only be waived voluntarily at the client's direction." *Swan Sales*, 126 Wis. 2d at 31–32, 374 N.W.2d at 648. This was not done here. There was no waiver.

As noted, the trial court did not examine the documents in exhibits 161 and 162 to determine whether either the attorney-client privilege or the work-product doctrine applies to them. It must do so. *See Wurtz v.*

---

lawyer; it does not benefit third parties who may seek to assert in connection with their own claims an alleged breach of duty encompassed by the exception. *See Housler v. First Nat'l Bank*, 484 F. Supp. 1321, 1323 (E.D.N.Y. 1980) (applying ethical rule similar to RULE 905.03(4)(c), STATS.). We mention this issue because we may affirm the trial court for a reason on which it did not rely. *See State v. Patricia A.M.*, 176 Wis. 2d 542, 549, 500 N.W.2d 289, 292 (1993).

*Fleischman*, 97 Wis. 2d 100, 107 n.3, 293 N.W.2d 155, 159 n.3 (1980) (court of appeals may not decide issues of fact). Upon remand, Borgwardt and C & S Graphics are to list the date, author, recipient, and privilege or privileges claimed for each document in exhibits 161 and 162. This list together with the documents are to be transmitted to the trial court for its *in camera* inspection and determination of whether the claimed privilege or privileges apply. *See United States v. Zolin,* 491 U.S. 554, 568–569 (1989) (*in camera* review is appropriate method to determine applicability of attorney-client privilege) (crime-fraud exception to privilege). A copy of the list shall be furnished to all counsel.

*By the Court.*—Order reversed.