UNITED STATES of America

v.

The SPY FACTORY, INC., d/b/a "Spy Factory," Ronald Kimball, Marlin Richardson, a/k/a "Brud," and Tracy Edward Ford, Defendants.

No. S1 95 cr 737 SS.

United States District Court,
S.D. New York.

March 11, 1997.

Susan Van Dusen, Miami, FL, for Defendant, The Spy Factory, Inc.

Robert Fogelnest, Joseph A. Bondy, New York City, for Defendant, Ronald Kimball.

Lawrence Alan Barocas, Barocas & Schmidt, P.C., New York City, for Defendant, Marlin Richardson.

Roger Bennet Adler, New York City, for Defendant, Tracy Ford.

U.S. Department of Justice, United States Attorney, Southern District of New York, New York City, Daniel J. Fetterman, Thomas C. Rubin, Assistant United States Attorneys.

## MEMORANDUM OPINION AND ORDER

SOTOMAYOR, District Judge.

Roger Bennet Adler, newly appointed Criminal Justice Act counsel for defendant Tracy Edward Ford, moves this Court (1) for reargument and reconsideration of this Court's ruling regarding the constitutionality of 18 U.S.C. § 2512; (2) for a severance of defendant Ford from his co-defendants pursuant to Rule 14 of the Federal Rules of Criminal Procedure; (3) for an order directing the Government to provide pre-trial discovery and inspection pursuant to Rule 16 of the Federal Rules of Criminal Procedure; and (4) for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. By letter brief, the Government opposes defense counsel's requests. For the reasons to be discussed, the Court denies defendant's motions.

*I. Reargument and Reconsideration of the Constitutionality of 18 U.S.C. § 2512*

Because defense counsel presents no new bases—factual or legal —— for this Court to reconsider its prior ruling regarding the constitutionality of Section 2512, *see United States v. The Spy Factory, Inc. et al.,* 951 F.Supp. 450 (S.D.N.Y.1997), the Court declines to do so. To the extent that counsel implies that prior counsel involved in the constitutionality motion might have been "[ ]connected to the financial tentacles of the Spy Factory," (Adler Aff. ¶ 17), I find that such conflict of interest, if any, did not influence either prior counsel's advocacy of the

vagueness motion or the Court's ruling thereon.

Further, to the extent that counsel reiterates defendants' prior assertion that Section 2512 is vague as applied to defendant Tracy Ford, I conclude that counsel's assertion lacks merit. While counsel is correct that mens rea is an essential element of any criminal offense (*see* Adler Aff. ¶ 19), counsel appears to misunderstand fundamentally the mens rea applicable to a Section 2512 prosecution. (*See, e.g.,* Adler Aff. ¶ 17 (arguing that "the indictment fails to plead … that TRACY FORD knew that the possession and sale of this equipment was unlawful.")). The Government need not prove, as counsel seems to imply, that defendants knew that the devices at issue were illegal. Rather, the Government bears the burden of proving merely that defendants "intentionally … manufacture[d], assemble[d], possesse[d], or s[old] any electronic, mechanical, or other device, *knowing or having reason to know that the design of such device render[ed] it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications*" 18 U.S.C. § 2512(*l*)(b) (emphasis added). Therefore, the Government need not show that the defendants knew the devices were illegal, but rather that defendants intentionally possessed and sold items whose design they knew or had reason to know rendered them primarily useful for surreptitious interceptions.

Thus, counsel's argument that "there was nothing and no one to alert [defendant Ford] that a claimed portion of his employer's product line had allegedly strayed beyond the permissible bounds because the products in question were capable of being employed by customers not under his control or in his presence, for non-consensual[1] purposes," (Adler Aff. ¶ 23), has no legal significance. The very cases cited by defense counsel reveal that unless knowledge of a specific legal duty is set forth as an element

---

1. To the extent that defense counsel underscores the "non-consensual" or consensual nature of these devices, I remind him that my prior decision in this action made clear that Section 2512 prohibits devices whose design renders them pri-

marily useful for surreptitious interceptions —— whether such interception be deemed consensual or non-consensual under 18 U.S.C. § 2511. *See United States v. The Spy Factory, Inc. et al.,* 951 F.Supp. 450, 472–75 (S.D.N.Y.).

of a crime — which is not the case under a Section 2512 prosecution — a defendant is presumed to know what the law prohibits. *See United States v. Golitschek,* 808 F.2d 195, 202–03 (2d Cir.1986) (explaining the difference between laws containing a knowledge of a legal duty as an element of the offense and laws that do not, and providing that "[w]hen we say that ignorance of the law is no excuse, or, ... that everyone is presumed to know the law, we mean only the law that makes the offense punishable, not the law that in some circumstances sets out legal requirements that must be known in order to have committed the offense."). *Cf. Liparota v. United States,* 471 U.S. 419, 420, 105 S.Ct. 2084, 2085, 85 L.Ed.2d 434 (1985) (finding that Government must establish that defendant knew conduct was illegal where statute provided for prosecution of "whoever knowingly uses, ... or possesses [welfare] coupons ... in any manner *not authorized by [the statute] or the regulations."*) (emphasis added); *United States v. Bishop,* 412 U.S. 346, 360, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 941 (1973) (construing the term "willfully" in the Internal Revenue Code to connote the "voluntary, intentional violation of a known legal duty."); *Lambert v. California,* 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957) ("passive" statute which penalized felons for failing to register in city violated due process where Government could not demonstrate actual knowledge of duty to register).

For these reasons, I deny defendant's motion to re-argue or reconsider the constitutionality of Section 2512 on its face or as applied to defendant Tracy Ford.

## II. Severance

■ Where a moving defendant has been properly joined under Rule 8(b), "a district court should grant a severance under [Federal Rule of Criminal Procedure] 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506 U.S. 534, 539, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993). The defendant must prove that there would be "substantial prejudice" to him

from a joint trial. *Id.* at 540, 113 S.Ct. at 938 (citations omitted). It is left to the "sound discretion of the district courts" to determine the risk of prejudice in failing to sever the defendant and any remedy that may be necessary. *Id.* at 541, 113 S.Ct. at 939. *See also United States v. Serpoosh,* 919 F.2d 835, 837 (2d Cir.1990) (noting that the Second Circuit has "described the decision to deny severance as 'virtually unreviewable,' because appellants must show prejudice so severe as to amount to a denial of a constitutionally fair trial.") (citations omitted).

■ In the instant motion, defense counsel attempts to emphasize the "disparity of proof" between defendant Tracy Ford and defendants Ronald Kimball, Marlin Richardson and The Spy Factory, Inc. (*see* Adler Aff. ¶ 30–31). Although it is true, as defendant underscores, that Tracy Ford is not named in Counts 2 through 12, 17 through 27, 32 to 42, nor 48 through 61, (Adler Aff. at 10 n. 2), and that defendant Ford did not join the employ of Spy Factory until years after it began selling the devices at issue, defendant Ford has not proven that any disparity of proof present in the instant action rises to the level that would necessitate the drastic remedy of severance.

■ The Second Circuit has repeatedly recognized that "differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials." *United States v. Scarpa,* 913 F.2d 993, 1015 (2d Cir.1990) (quoting *United States v. Chang An–Lo,* 851 F.2d 547, 557 (2d Cir.), *cert. denied,* 488 U.S. 966, 109 S.Ct. 493, 102 L.Ed.2d 530 (1988)). Even where the evidence offered against the individual defendants varies in kind and degree, there is no inherent prejudicial spillover in such circumstances, particularly where the court instructs a jury to consider the evidence against each defendant, on each count, separately. *See, e.g., Zafiro v. United States,* 506 U.S. 534, 539, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993) (providing that "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."); *United States v. DeVillio,* 983 F.2d 1185 (2d Cir.1993) (trial judge's "explicit limiting instruction to the jurors that [the]

testimony [concerning the attempted murder] could not be used as evidence against either [defendant]" was sufficient to protect against potential prejudice of trying defendants together). Defendant Ford has failed to explain why a limiting instruction would be inadequate in this case. Hence, I do not find that a Rule 14 severance is required, or even recommended, in this case.

■ Further, the Second Circuit has emphasized, in the very case cited by defense counsel, that "[m]ere antagonism between the defenses [of co-defendants] is not enough" to warrant a severance. *United States v. Serpoosh*, 919 F.2d 835, 837 (2d Cir.1990). The Court explained that " '[t]he mere fact that codefendants seek to place the blame on each other is not the sort of antagonism that requires a severance.' " *Id.* (citations omitted). Severance due to antagonism of defenses is only necessary when " 'the jury, in order to believe the core of testimony offered on behalf of [one] defendant, must necessarily disbelieve the testimony offered on behalf of his codefendant' " *id.* at 838, —— or, in other words, where the defenses are "mutually exclusive." *Id.* Defendant Ford has not shown, or even explained, why the defenses in this case are "mutually exclusive" as that concept is described in *Serpoosh*. Accordingly, I deny the motion to sever on this ground as well.

■ Finally, defense counsel appears to suggest that the existence of allegedly privileged documents in this case lends support to his motion to sever. (Adler Aff. ¶¶ 31, 33). I disagree. First, defense counsel has not shown that such privileged information —— if it exists —— would be admissible in his defense in a severed trial if one were to be granted. Further, defendant Ford has made no showing that his co-defendants would not be willing readily to concede their "knowledge vis a vis the lawfulness of various products." (Adler Aft. ¶ 31). In fact, from what the Court has witnessed to date, the co-defendants have maintained that they made every effort to know and understand the contours of the law in this area. For these reasons, I find that defendant Ford has failed to demonstrate that these allegedly privileged documents create a "need for a trial

before a separate jury." (Adler Aff. ¶ 33). *See, e.g., United States v. Kouzmine*, 921 F.Supp. 1131, 1134 n. 1 (S.D.N.Y.1996) (finding "no showing of prejudice sufficient to warrant a Rule 14 severance" where moving defendants argued that "they may be forced to disclose privileged attorney-client communications to defend themselves and that their actions in doing so may prejudice other defendants."); *United States v. Amrep Corp. et al.*, 418 F.Supp. 473, 475 (S.D.N.Y.1976) (where "only a small portion of the total evidence on the part of the defense might be included in the privileged material," court holds that there was an insufficient basis on which to grant severance where there was purported conflict between defendant corporation's work product privilege and defense of individual defendant, who as general counsel had been involved in every aspect of corporation's operations and its defense to charges in the indictment and in charges pending before the Federal Trade Commission and who claimed he had learned in privileged communications exculpatory information necessary to his own defense). For all these reasons individually and combined, I deny defendant's motion to sever.

Any other conclusion would lend the "last tried defendant" a decided benefit in having heard the testimony of the government's witnesses and in having much of the government's case before the trial. *See Richardson v. Marsh*, 481 U.S. 200, 210, 107 S.Ct. 1702, 1708, 95 L.Ed.2d 176 (1987) (joint trials are necessary to avoid "randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case.") Because of the stated preference in the federal system for the joint trial of defendants indicted together, see *United States v. Rosa*, 11 F.3d 315, 341 (2d Cir.1993), *cert. denied*, 511 U.S. 1042, 114 S.Ct. 1565, 128 L.Ed.2d 211 (1994), and because the evidence of the crimes charged is highly integrated, I do not find that the defendant has proven that the mere joinder in the Superseding Indictment of persons of differing levels of authority within the business enterprise with antagonistic defenses justifies a severance; nor do I find that the existence of allegedly privileged documents alters this conclusion. In sum, I

**690**

fully agree with the Government that "severance in this case, where a complex and lengthy trial is expected and where there has been no showing of prejudice whatsoever, would result in a monumental waste of judicial resources." (Govt. Let. in Opp. at 3).

### III. Discovery and Inspection

 The Government has represented to the Court that it has provided to defense counsel all of the material and information necessary to be disclosed under Federal Rule of Criminal Procedure 16, *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). Therefore, defendant's motion for discovery is denied. *See also United States v. The Spy Factory, Inc. et al.,* 951 F.Supp. 450, 454 (S.D.N.Y.1997) (providing that defense counsel's discovery requests were granted in part and denied in part). To the extent defense counsel is aware of any further information which has not yet been disclosed, defense counsel should so apprise the Court.

 The Court finds defendant's request for the Court to inspect the Grand Jury minutes unnecessary and lacking in legal merit.[2] As the Supreme Court has explained, "[t]he grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process." *United States v. Mechanik,* 475 U.S. 66, 75, 106 S.Ct. 938, 944, 89 L.Ed.2d 50 (1986) (O'Connor, J., concurring). Here defendant Ford provides no such particularized proof of any irregularity.[3] Instead, defense counsel seeks to send this Court on a fishing expedition — searching for vague and nebulous violations of law that might have taken place in the grand jury. Such vain endeavors will not lightly be undertaken by this Court and are certainly not required under the law. *See, e.g. United States v. Mechanik,* 475 U.S. 66, 75, 106 S.Ct. 938, 944, 89 L.Ed.2d 50 (1986) (O'Connor, J., concurring); *United States v. Burford,* 755 F.Supp. 607 (S.D.N.Y.1991) ("In the absence of any showing of 'particularized need, or a gross and prejudicial irregularity influencing the grand jury, or some similar compelling reason,' a defendant's motion to have the Court inspect the grand jury minutes should be denied.") (citing cases). For this reason, the defendant's motion is denied.

### IV. Bill of Particulars

 The Second Circuit has recognized that "[t]he principles governing requests for a bill of particulars are well settled." *United States v. Davidoff,* 845 F.2d 1151, 1154 (2d Cir.1988). A bill of particulars should be granted under Federal Rule of Criminal Procedure 7(f) where it is necessary "to permit a defendant to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *Id.* The Government need not, however, "particularize all of its evidence." *Id.* "The decision to grant or deny a bill of particulars is within the sound

---

2. Defendant has requested that the Court determine "wheter there was sufficient, competent proof, not that Defendant Ford assisted in the state [sic] of electronics equipment, but likewise that he acted willful of which ..." (Adler Aff. ¶ 26). Again, defense counsel fundamentally misunderstands the mens rea applicable to this prosecution. The Government need not show, as the defense counsel suggests, "a voluntary intentional violation of a *known* legal duty." *Id.* (quoting *United States v. Pomponio,* 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976)). As previously explained, unless knowledge of a specific legal duty is an element of the criminal offense, a defendant's knowledge of the law prohibiting his conduct is presumed under the law. *See United States v. Golitschek,* 808 F.2d 195, 202–03 (2d Cir.1986) (explaining the difference between laws containing a knowledge of a legal duty as an element of the offense and laws that

do not, and providing that "[w]hen we say that ignorance of the law is no excuse, or, .... that everyone is presumed to know the law, we mean only the law that makes the offense punishable, not the law that in some circumstances sets out legal requirements that must be known in order to have committed the offense.").

3. If defendant Ford attempts, in paragraph 28 of the Adler Affidavit, to challenge the allegedly "artificially manufactured jurisdiction" in this case, I find that such a challenge would more properly have been brought as a motion challenging venue, rather than in the guise of a request for inspection of the grand jury minutes. In any event, defendant Ford has not demonstrated a sufficient factual or legal basis for such a challenge.

discretion of the district court." *Id.* (citing *United States v. Panza,* 750 F.2d 1141, 1148 (2d Cir.1984)).

 In the instant case, the indictment and the pre-trial discovery provided by the Government more than adequately apprise the defendant of the nature of the charge against him. As the Government explains:

> Ford has been provided with a plethora of information about the charges in this case, including the following: an eight-page complaint and accompanying 106–page affidavit filed against co-defendant Richardson and others; a 22–page indictment; a 41–page superseding indictment; voluminous discovery (including numerous tape recordings of Ford and co-conspirators); the Government's brief and accompanying affidavit in opposition to the defendants' pre-trial motions; and significant amounts of information imparted in many meetings and conversations with the Government.... In addition, as to one of the requests made in Ford's motion, the Government specifically informed defense counsel in a letter dated February 5, 1997, that the Section 2512 violations are limited to devices that were manufactured or sold by Micro Electronics or Cony manufacturing.... Count One of the Superseding Indictment more than sufficiently sets forth dates, participants and the objects of the conspiracy, including the names of unindicted co-conspirators, as well as numerous overt acts in furtherance of the conspiracy, including specific dates, locations, participants and particulars of the acts.

(Govt. Let. in Opp. at 4, 5). In light of the breadth and depth of this information, defense counsel's insistence on a bill of particulars has no foundation. The request is hereby denied. *See, e.g., United States v. Bortnovsky,* 820 F.2d 572, 574 (2d Cir.1987) ("Generally, if the information sought by defendant is provided in the indictment or in some acceptable form, no bill of particulars is required."); *United States v. Cephas,* 937 F.2d 816, 823 (2d Cir.1991) (holding that bill of particulars was unnecessary even where "the government did not list the specific activities which showed how [defendant] furthered the criminal enterprise or the conspiracy" because "such specific acts need not be alleged with respect to every named de-

fendant, if the indictment is otherwise sufficient and names the other persons involved in the criminal activity."), *cert. denied,* 502 U.S. 1037, 112 S.Ct. 884, 116 L.Ed.2d 788 (1992); *United States v. Young & Rubicam, Inc.,* 741 F.Supp. 334, 349 (D.Conn.1990) ("A bill of particulars is appropriate only where the charges of an indictment are so general that they do not advise the defendant of the specific acts of which he is accused.") (citing *United States v. Matos–Peralta,* 691 F.Supp. 780, 791 (S.D.N.Y.1988)); *United States v. Facciolo,* 753 F.Supp. 449, 451 (S.D.N.Y. 1990) (providing that bill of particulars was unnecessary, especially where "the Government has supplied defense counsel with a list of the intercepted telephone calls the Government is likely to introduce at trial [and] ... copies of the wiretap applications, tape cassettes of intercepted phone calls, and log sheets."), *aff'd sub nom., United States v. Skowronski,* 968 F.2d 242 (2d Cir. 1992).

## CONCLUSION

For the reasons discussed · above, defendant Tracy Ford's motions are denied in all respects.

**SO ORDERED.**