CONTINENTAL CASUALTY COMPANY, Respondent, vs. POGOR-ZELSKI, Appellant.

*March 4—April 9, 1957.*

For the appellant there was a brief by *Bendinger, Hayes & Kluwin* of Milwaukee, and oral argument by *John A. Kluwin.*

For the respondent the cause was submitted on the brief of *Shaw, Muskat & Paulsen,* attorneys, and *John F. Zimmermann* of counsel, all of Milwaukee.

MARTIN, C. J. Sec. 269.57 (1), Stats., reads:

"The court, or a judge thereof, may, upon due notice and cause shown, order either party to give to the other, within a specified time, an inspection of property or inspection and copy or permission to take a copy of any books and documents in his possession or under his control containing evidence relating to the action or special proceeding or may require the deposit of the books or documents with the clerk and may require their production at the trial. . . ."

Orders contemplated by the statute are discretionary, and we see no abuse of discretion in this matter. It was the opinion of the trial court that the document sought to be inspected is a privileged communication between respondent and its attorneys.

It is provided by sec. 325.22, Stats.:

"An attorney or counselor at law shall not be allowed to disclose a communication made by his client to him, or his advice given thereon in the course of his professional employment. This prohibition may be waived by the client, and does not include communications which the attorney needs to divulge for his own protection, or the protection of those with whom he deals, or which were made to him for the express purpose of being communicated to another, or being made public."

The statute is but a re-enactment of the common law (*Estate of Smith* (1953), 263 Wis. 441, 57 N. W. (2d) 727), and the privilege extends to:

". . . all communications made to a legal adviser duly qualified as such, and employed and acting in that capacity,

where the object of the party is to obtain a more exact and complete knowledge of the law affecting his rights, obligations, or duties relative to the subject matter to which such communications relate." 58 Am. Jur., Witnesses, p. 270, sec. 483.

Referring to the privilege of secrecy in communications between attorney and client, this court said in *Koeber v. Somers* (1901), 108 Wis. 497, 504, 84 N. W. 991:

"The rule of the common law and of this statute within its proper limits is most salutary. It is essential to the ends of justice that clients should be safe in confiding to their counsel the most secret facts, and to receive advice and advocacy in the light thereof without peril of publicity. Disclosures made to this end should be as secret and inviolable as if the facts had remained in the knowledge of the client alone. *Bruley v. Garvin,* 105 Wis. 625."

In *Hickman v. Taylor* (1947), 329 U. S. 495, 510, 511, 512, 67 Sup. Ct. 385, 91 L. Ed. 451, the United States supreme court stated:

"Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients. In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways—aptly though roughly termed by the circuit court of appeals in this case as the 'work product of the lawyer.' Were such materials open to opposing counsel on mere demand, much

of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness, and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served. . . . the general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order."

It is appellant's contention that the institution of this suit constitutes a waiver of the privilege between attorney and client, but in our view of the matter we do not reach the question of waiver. Appellant has failed to establish that disclosure of the communication is necessary to a defense of the respondent's claim. The claim is for reimbursement of "attorneys' fees to Shaw, Muskat & Paulsen for assisting in the defense of said matter, in the amount of two hundred ($200) dollars," and the only issue which arises therefrom is whether such fees were reasonable.

As stated in *Will of Willing* (1926), 190 Wis. 406, 413, 209 N. W. 602:

"No rule of thumb can be laid down which will enable an amount to be fixed in every case which constitutes reasonable and just compensation. It is well established that in determining the amount of reasonable compensation there may be taken into account the amount and character of services rendered, the labor, time, and trouble involved, and nature and importance of the litigation or business in which the service was rendered, the responsibility imposed upon the attorneys, the value of the subject matter of the controversy, the skill and experience called for in the performance of the service, the age, experience, professional character and standing of the attorney, the result of the litigation, and whether or not the fee is certain or contingent. 9 A. L. R.,

note, p. 237; 6 Corp. Jur. sec. 331, p. 748 *et seq.,* and cases cited."

The factors determinative of reasonableness do not include the substance of the advice given. In establishing its claim on the trial respondent will be required to prove the factors relating to reasonableness, as set forth in the *Willing Case,* and appellant will have every opportunity to cross-examine with respect thereto. He is in no way prejudiced by the denial of inspection and he has shown no prejudice. His argument is that the denial "works an injustice" to him and cites cases to the effect that a testator who requests an attorney to act as a witness to his will waives objection to the competency of the witness to testify in relation to the will and its execution. Such cases fall within the exclusion made in sec. 325.22, Stats., of communications which are made for the express purpose of being made public, and have no application to the situation in the instant case.

Appellant relies on *Thompson v. Roberts* (1955), 269 Wis. 472, 477, 69 N. W. (2d) 482, where damages were sought for personal injuries received in an automobile accident. Adverse examination of the plaintiff before trial disclosed that the claim was based on aggravation, allegedly attributable to the accident, of a prior susceptibility to bronchitis and a prior condition of nervousness. Upon application for an order for inspection under sec. 269.57, Stats., the trial court permitted the inspection of only such records as were pertinent to the pre-existing condition of bronchitis and refused to allow inspection of records pertaining to plaintiff's prior nervous condition. In holding that the denial of the inspection of psychiatric and neurological records was error, this court stated that defendants "should not be forced to trial and compelled to defend against claims for psychiatric and neurological injuries while the plaintiff withholds from them available recorded information concerning his previous psychiatric and neurological condition."

It is apparent that in an action arising out of personal injuries the damages sought are based on the injuries sustained and the contents of medical records have a direct bearing on the claim. In an action for reimbursement of attorneys' fees, however, the claim is not dependent upon the substance of the advice given but on the pertinent factors relating to the rendering of the services, factors which may be inquired into and determined without the production of privileged communications.

*By the Court.*—Order affirmed.