HAROLD SAMPSON CHILDREN'S TRUST, a trust maintained for the benefit of Beth Bauer, Jamie L. Sherman, and Kay Yuspeh, and each of them individually as Plaintiffs, and The Beth Bauer Trust, The Jamie L. Sherman Trust and The Kay Yuspeh Trust, Plaintiffs-Respondents-Petitioners,

v.

The LINDA GALE SAMPSON 1979 TRUST, The Steven J. Sampson 1979 Trust and The Scott A. Sampson 1979 Trust, which are the successors to the B.J. Sampson Children's Trust, a trust maintained for the benefit of Linda Gale Sampson, Scott Sampson, and Steve Sampson, and Sampson Investments, Ann Mandelman, and Nancy Simos, Defendants-Third-Party Plaintiffs-Appellants,

v.

Beth BAUER, Third-Party Defendant.

Supreme Court

*No. 02–1515. Oral argument March 9, 2004.—Decided May 25, 2004.*

2004 WI 57

(Also reported in 679 N.W.2d 794.)

For the plaintiffs-respondents-petitioners there were briefs by *Jane C. Schlicht, Steven L. Nelson* and *Cook & Franke, S.C.,* Milwaukee, and oral argument by *Jane C. Schlicht.*

For the defendants-third-party plaintiffs-appellants there was a brief by *Paul S. Medved, Scott R. Halloin* and *Mallery & Zimmerman, S.C.,* Milwaukee, and oral argument by *Scott R. Halloin.*

¶ 1. SHIRLEY S. ABRAHAMSON, C.J.   This is a review of a published decision of the court of appeals[1] reversing an order of the circuit court for Milwaukee County, Dominic S. Amato, Judge. The circuit court's order directed The Linda Gale Sampson 1979 Trust et al., the defendants, to return to Harold Sampson Children's Trust et al., the plaintiffs, documents that the plaintiffs' attorney transmitted during discovery to the defendants' attorney. We reverse the decision of the court of appeals.

¶ 2.   The question before this court is whether a lawyer's voluntary production of documents in response to opposing counsel's discovery request constitutes a waiver of the attorney-client privilege under Wis. Stat. § (Rule) 905.11 when the lawyer does not recognize that the documents are subject to the attorney-client privi-

---

[1] *Harold Sampson Children's Trust v. Linda Gale Sampson 1979 Trust,* 2003 WI App 141, 265 Wis. 2d 803, 667 N.W.2d 831.

lege and the documents are produced without the consent or knowledge of the client.[2]

¶ 3. The circuit court answered the question "no," concluding that the plaintiffs' attorney in the present case could not waive the plaintiffs' attorney-client privilege, because only the client can waive the privilege for attorney-client communications. In contrast, the court of appeals answered the question "yes," concluding that the lawyer's disclosure waived the attorney-client privilege. It based its decision on two precepts: (1) under ordinary attorney-client agency principles, compliance with discovery requests is a matter that the client delegates to the attorney; and (2) the rule that waiver is the intentional relinquishment of a known right does not apply to waiver of evidentiary privileges.[3]

¶ 4. We agree with the circuit court. We conclude that a lawyer, without the consent or knowledge of a client, cannot waive the attorney-client privilege by voluntarily producing privileged documents (which the attorney does not recognize as privileged) to an opposing attorney in response to a discovery request. We hold that only the client can waive the attorney-client privilege under Wis. Stat. § (Rule) 905.11 regarding attorney-client privileged documents.

I

¶ 5. The underlying dispute is an inter-family disagreement arising out of commercial real estate transactions, the details of which are not important to

---

[2] *Harold Sampson Children's Trust,* 265 Wis. 2d 803, ¶ 11.

[3] *Harold Sampson Children's Trust,* 265 Wis. 2d 803, ¶ 11. The court of appeals relied on the Restatement (Third) of the Law Governing Lawyers §§ 26 (a lawyer's actual authority), 27 (a lawyer's apparent authority), 79 (waiver of the privilege by disclosure) (2000).

this review. The following relevant facts relate to the issue of waiver of the attorney-client privilege by the release of documents in response to a discovery request.

¶ 6.   The documents in question were prepared by Beth Bauer, a plaintiff, for the plaintiffs' attorney's use. Apparently the documents explain Ms. Bauer's view of the transactions and the valuation and accounting issues; disclose her thoughts and analysis concerning liability, damages, and strategy; and identify supporting evidence for claims against the defendants.

¶ 7.   Robert Elliott, then the plaintiffs' attorney, apparently believed that the documents were not privileged and disclosed them to the defendants' counsel in response to a discovery request on or about July 17, 2001.

¶ 8.   For purposes of this review, it is undisputed that the documents in question were attorney-client privileged, that the documents were released to opposing counsel without the consent or knowledge of the plaintiffs, and that the plaintiffs authorized their attorney to disclose all non-privileged documents in response to discovery requests.

¶ 9.   Elliott withdrew as counsel on October 16, 2001, for reasons unrelated to the production of documents, and Cook & Franke, S.C., replaced Elliott as the plaintiffs' counsel. On reviewing the files, the plaintiffs' new counsel determined that privileged documents had been produced to opposing counsel and, on November 15, 2001, requested that the defendants return those documents. The defendants refused to return the documents and, on December 7, 2001, the plaintiffs filed a motion to compel the return of the privileged documents.

¶ 10.   The circuit court ordered an evidentiary hearing and referred the matter to attorney Theodore

Hodan, as referee, pursuant to Wis. Stat. § (Rule) 805.06 (1999–2000).[4] The circuit court designated the referee as a "discovery master."

¶ 11. After a three-day evidentiary hearing, the referee made numerous findings of fact and concluded that the documents in question were "confidential communications made by a client or an attorney in order to facilitate the performance of professional legal services to the 'client.' " The referee found that the plaintiffs did not consent to the production of the attorney-client privileged documents.

¶ 12. The referee described Elliott as a "prominent, experienced, competent, well-respected, board certified civil trial lawyer, who is known to have handled many difficult[,] complex and high-profile civil lawsuits." The referee found that Elliott "examined the documents in question, made no inquiry of his clients as to the reasons for and methods of their preparation and, therefore, intentionally and knowingly produced them for the [defendants] in response to their document request." Upon viewing the documents at the hearing, Elliott indicated that "on their face" the documents did not appear privileged. However, he also testified that he would not have produced the documents had he understood their purpose.

¶ 13. The referee found that each of the documents "raise[d] sufficient *indicia* or inferences of possible privilege so as to require, prior to their production to opposing counsel, that inquiry be made by [Elliott] of his clients to ascertain when and for what purpose each of the documents in question had been prepared."

---

[4] "A reference shall be the exception and not the rule." Wis. Stat. § 805.06(2). All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise indicated.

616

Further, the referee found as a matter of fact and concluded as a matter of law that the documents in question were confidential communications as defined by Wis. Stat. § (Rule) 905.03. The referee concluded that by intentionally disclosing the documents, Elliott waived the plaintiffs' attorney-client privilege with respect to those documents.[5]

¶ 14. The circuit court adopted the referee's findings of fact and most of his conclusions of law. The circuit court disagreed, however, with the referee's ultimate conclusion of law. The circuit court held that the attorney could not waive the attorney-client privilege because the privilege belonged to the client, and ordered the defendants to return the documents in question. The court of appeals reversed the order of the circuit court, holding that the privilege had been waived.

II

¶ 15. With regard to the standard of review of factual determinations, the circuit court shall accept the referee's findings of fact that are not clearly erroneous,[6] and this court is bound by a circuit court's findings of fact unless they are clearly erroneous.[7] This court reviews issues of law, including interpretation of

---

[5] The circuit court sealed the referee's decision and it was not included in the parties' appendices to their briefs. The decision is, however, available for review by this court. We shall follow the practice of the parties and refer generally to the referee's decision.

[6] Wis. Stat. § (Rule) 805.06(5)(b).

[7] Wis. Stat. § (Rule) 805.17(2).

statutes or court rules, independently of the circuit court and court of appeals but benefiting from the analyses of those courts.[8]

## III

¶ 16. This case requires us to decide whether an attorney's voluntary disclosure to opposing counsel of attorney-client privileged documents, without the consent or knowledge of the client, constitutes a waiver of the attorney-client privilege under Wis. Stat. § (Rule) 905.11.

¶ 17. Four rules govern our decision on this issue: Wis. Stat. § (Rule) 905.03(1)(d) (defining "confidential"); Wis. Stat. § (Rule) 905.03(2) (general rule of attorney-client privilege); Wis. Stat. § (Rule) 905.03(3) (who may claim the privilege); and Wis. Stat. § (Rule) 905.11 (waiver of the privilege by voluntary disclosure). We shall examine each rule in turn.

■

¶ 18. Wisconsin Stat. § (Rule) 905.03(1)(d) defines a confidential communication as one that is "not intended to be disclosed to 3rd persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." For the purpose of this review, the documents were made to facilitate the rendition of legal services in the litigation, and the plaintiffs did not intend or agree that the documents in question be disclosed to opposing counsel. Thus the documents are confidential under the attorney-client privilege rule set forth in § 905.03(1)(d).

---

[8] *State v. Cole,* 2003 WI 59, ¶ 12, 262 Wis. 2d 167, 663 N.W.2d 700.

¶ 19.  Wisconsin Stat. § (Rule) 905.03(2) codifies the attorney-client privilege. It states that a client "has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client . . . ."[9] In some circumstances, the privilege does not apply because an exception exists[10] or the privilege is waived under Wis. Stat. § (Rule) 905.11.[11]

¶ 20.  Section 905.03(2) provides as follows:

General rule of privilege. A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client: between the client or the client's representative and the client's lawyer or the lawyer's representative; or between the client's lawyer and the lawyer's representative; or by the client or the client's lawyer to a lawyer representing another in a matter of common interest; or between representatives of the client or between the client and a representative of the client; or between lawyers representing the client.

¶ 21.  The text of Wis. Stat. § (Rule) 905.03(2) explicitly provides that the privilege belongs to the client and that the client may refuse to disclose or prevent any other person from disclosing the confidential communications.

¶ 22.  In keeping with the text of the statute, case law has declared that the attorney-client privilege belongs to the client. *See, e.g., Lane v. Sharp Packaging*

---

[9] Wis. Stat. § (Rule) 905.03(2).

[10] *See* Wis. Stat. § (Rule) 905.03(4).

[11] *Borgwardt v. Redlin,* 196 Wis. 2d 342, 353, 538 N.W.2d 581 (Ct. App. 1995).

*Sys., Inc.,* 2002 WI 28, ¶ 33, 251 Wis. 2d 68, 640 N.W.2d 788; *State ex rel. Dudek v. Circuit Court,* 34 Wis. 2d 559, 605, 150 N.W.2d 387 (1967); *Borgwardt v. Redlin,* 196 Wis. 2d 342, 355, 538 N.W.2d 581 (Ct. App, 1995); *Swan Sales Corp. v. Jos. Schlitz Brewing Co.,* 126 Wis. 2d 16, 31–32, 374 N.W.2d 640 (Ct. App. 1985).

¶ 23.   Those cases, however, present different facts than the case at hand. In those cases, each attorney asserted the privilege on behalf of the client, and no attorney disclosed confidential attorney-client communications. In neither of those cases nor in any other cases has this court addressed the issue of waiver of the privilege when counsel produced privileged documents pursuant to a discovery request without the client's consent or knowledge.

¶ 24.   The third relevant provision, Wis. Stat. § (Rule)   905.03(3),   reinforces   the   language   in § 905.03(2) that the privilege is the client's. It states that the client may claim the privilege personally or by, among others, the attorney at the time of the communication. Section 905.03(3) provides as follows:

> Who may claim the privilege. The privilege may be claimed by the client, the client's guardian or conservator, the personal representative of a deceased client, or the successor, trustee, or similar representative of a corporation,   association,   or   other   organization, whether or not in existence. The person who was the lawyer at the time of the communication may claim the privilege but only on behalf of the client. The lawyer's authority to do so is presumed in the absence of evidence to the contrary.

¶ 25.   The fourth provision involved in the present case is Wis. Stat. § (Rule) 905.11, governing the waiver of a privilege. The attorney-client privilege is waived

under § 905.11 when the holder of the privileged documents "voluntarily discloses or consents to disclosure."[12]

¶ 26. Section 905.11 provides as follows:

Waiver of privilege by voluntary disclosure. A person upon whom this chapter confers a privilege against disclosure of the confidential matter or communication waives the privilege if the person or his or her predecessor, while holder of the privilege, voluntarily discloses or consents to disclosure of any significant part of the matter or communication. This section does not apply if the disclosure is itself a privileged communication.[13]

██

¶ 27. To determine whether the waiver provision of Wis. Stat. § (Rule) 905.11 applies to the present case, we must first determine whether the disclosure was "voluntarily" made because § (Rule) 905.11 applies only to voluntary disclosures. Here, the attorney examined the documents, determined that the documents were not privileged, and disclosed them. The referee concluded that "[i]f an error was made, the error was made by counsel in not first determining the nature of the documents prior to their being produced." According to

---

[12] Wis. Stat. § (Rule) 905.11.

[13] *But see* 1 Restatement (Third) of the Law Governing Lawyers § 79 (2000) ("The attorney-client privilege is waived if the client, the client's lawyer, or another authorized agent of the client voluntarily discloses the communication in a non-privileged communication.").

According to the Federal Advisory Committee's Note to the federal rules upon which Wisconsin based its rules of evidence, the privilege should terminate when "the holder by his own act" destroys the confidentiality. The language "by his own act" in the Note indicates that a client must act to waive the privilege. *Wisconsin Rules of Evidence,* 59 Wis. 2d R1, R151 (1973).

the court of appeals, "[t]he transmission of the documents to the defendants was deliberate, intentional and not inadvertent."[14] We agree with the court of appeals, the circuit court, and the referee that the disclosure was voluntary, not inadvertent, within the meaning of Wis. Stat. § (Rule) 905.11.

¶ 28.    Because the attorney intended to release the documents in issue, we agree with the court of appeals that the rules applicable to "inadvertent" disclosure adopted by other jurisdictions do not apply to the case at hand.[15] The only mistake seems to have been the attorney's conclusion that the documents were not privileged.

---

[14] *Harold Sampson Children's Trust,* 265 Wis. 2d 803, ¶ 11.

[15] The referee described three approaches courts have taken to inadvertent disclosure of attorney client privileged documents: lenient, strict, and intermediate. Under the "lenient" approach, an attorney's inadvertent disclosure of privileged documents does not by itself waive the privilege because mere negligence by the attorney should not destroy the client's privilege. *See, e.g., Mendenhall v. Barber-Greene Co.,* 531 F. Supp. 951, 954–55 (N.D. Ill. 1982). Under the "strict" approach, a lawyer's disclosure destroys the confidentiality that was the basis of the privilege. *Int'l Digital Sys. Corp. v. Digital Equip. Corp.,* 120 F.R.D. 445, 449–50 (D. Mass. 1988). The "intermediate" or "totality of the circumstances" approach attempts to balance several factors, including: (1) the reasonableness of safeguards in place to prevent unauthorized disclosure of attorney-client privileged material; (2) the extent of the document production request and the attendant burdens on the party responding to the request; (3) any unreasonable delay in trying to retrieve the inadvertently produced documents; (4) the number of times the producing party or its lawyers have disclosed protected materials before; and (5) an overall interests-of-justice fairness calculus. *See, e.g., United States ex rel. Bagley v. TRW, Inc.,* 204 F.R.D. 170, 174–85 (C.D. Cal. 2001).

¶ 29. The question then is whether an attorney's voluntary disclosure of attorney-client privileged documents to opposing counsel without the client's consent or knowledge is sufficient to waive the privilege under Wis. Stat. § (Rule) 905.11.

¶ 30. The circuit court declared that no waiver occurred, reasoning that a client is the holder of the privilege and the clients did not waive the privilege in the present case. In contrast, the court of appeals concluded that because the clients delegated management of the discovery procedure to the attorney and because the attorney is the agent of the clients, the attorney's voluntary disclosure of the privileged documents during pretrial discovery constituted waiver of the attorney-client privilege under Wis. Stat. § (Rule) 905.11.[16]

---

[16] This holding is similar to the strict rule adopted by several courts in inadvertent disclosure cases. *See, e.g., In re Sealed Case,* 877 F.2d 976, 980 (D.C. Cir. 1989); *Int'l Digital Systems Corp.,* 120 F.R.D. at 449–50. *See also* Edna S. Epstein, *The Attorney-Client Privileges and the Work Product Doctrine* 309–10 (4th ed. 2001).

The referee suggested a middle ground, the "totality of circumstances" rule. That rule would hold that a voluntary disclosure constitutes a waiver of the privilege if, viewing the "totality of the circumstances," adequate measures were not taken to avoid the disclosure. This rule too has a counterpart in inadvertent disclosure cases. *See Snap-On, Inc. v. Hunter Eng'g Co.,* 29 F. Supp. 2d 965, 971 (E.D. Wis. 1998). This rule is difficult to apply. The referee concluded that if this rule applied in the present case the privilege had been waived.

■

¶ 31. We agree with the circuit court that the client is the holder of the privilege and that under the circumstances of the present case only the client may waive the privilege. We reach this conclusion for several reasons.

■

¶ 32. First, according to the text of Wis. Stat. §§ (Rules) 905.03(2) and (3) and 905.11, the client holds and controls the attorney-client privilege and only the client can waive it.[17]

¶ 33. Second, according to Wisconsin case law interpreting Wis. Stat. §§ 905.03 and 905.11, the client, not the attorney, must waive the privilege. These prior cases, although arising from fact situations different from the present case, provide guidance to this court. This court stated in *Dudek* that an attorney "may not waive any objections to discovery which are based upon the attorney-client privilege. Only the client can waive these objections."[18] In *Dudek,* unlike in this case, the privilege was asserted to prevent disclosure.

---

[17] This reading of the text is similar to the lenient rule adopted by several courts in inadvertent disclosure cases. *See, e.g., In re Sealed Case,* 877 F.2d at 980; *Mendenhall,* 531 F. Supp. at 954. *See also* Epstein, *supra* note 16, at 310.

[18] *State ex rel. Dudek v. Circuit Court,* 34 Wis. 2d 559, 605, 150 N.W.2d 387 (1967). *See State v. Meeks,* 2003 WI 104, ¶ 28, 263 Wis. 2d 794, 666 N.W.2d 859 (concluding that the attorney-client privilege belongs to the client); *Lane v. Sharp Packaging Sys., Inc.,* 2002 WI 28, ¶ 33, 251 Wis. 2d 68, 640 N.W.2d 788 (concluding that only the client can waive the attorney-client privilege); *Borgwardt v. Redlin,* 196 Wis. 2d 342, 355, 538 N.W.2d 581 (Ct. App. 1995) (concluding that only the client or someone authorized by the client may waive the privilege); *Swan Sales Corp. v. Jos. Schlitz Brewing Co.,* 126 Wis. 2d 16,

¶ 34. In *State v. Meeks,* 2003 WI 104, 263 Wis. 2d 794, 666 N.W.2d 859, which relied on *Dudek,* this court held that an unauthorized disclosure by counsel did not waive the privilege.[19]

¶ 35. In *Meeks,* a client's former attorney testified, over objection, about her opinions, perceptions, and impressions relating to the client's competency.[20] The court stated that "[i]t is well settled that the attorney-client privilege belongs to the client," and that the client is the "holder" of the privilege.[21] The court concluded that the attorney's testimony regarding Meeks' competence was privileged because it was "necessarily premised on [the attorney's] privileged and confidential relationship with Meeks" and a thorough examination of the testimony would "necessarily reveal factual data upon which [the conclusions] were based."[22] The privilege was not waived when the client did not consent to the disclosure.[23] The court remanded the case to the circuit court to conduct a competency hearing without consideration of the attorney's testimony.

---

31–32, 374 N.W.2d 640 (Ct. App. 1985) (stating that an attorney can only waive the privilege "voluntarily at the client's direction.").

[19] *Meeks,* 263 Wis. 2d 794, ¶ 28.

[20] *Id.,* ¶ 8.

[21] *Id.,* ¶ 28 (citing Wis. Stat. § (Rule) 905.03(2)); *see also Borgwardt,* 196 Wis. 2d at 355.

[22] *Meeks,* 263 Wis. 2d 794, ¶ 54.

[23] In *Meeks,* counsel objected to the previous counsel's testimony on "relevance grounds" and on the basis of the attorney-client privilege, to a question asked of the previous counsel. *Meeks,* 263 Wis. 2d 794, ¶ 7. The circuit court overruled both objections. *Id.*

¶ 36. Third, although we acknowledge that under agency law, ordinarily a litigant is bound by the acts of counsel during the representation,[24] the court of appeals' reliance on the agency theory and, for example, *Johnson v. Allis Chalmers Corp.*, 162 Wis. 2d 261, 470 N.W.2d 859 (1991), is misplaced here. In *Johnson*, we concluded that the decision whether to impute the attorney's conduct to the client and sanction the client for the attorney's conduct was within the circuit court's discretion. However, the considerations in *Johnson* for binding a client by the attorney's acts and sanctioning the client are not present in cases like the one at bar.[25]

---

[24] *See, e.g., Johnson v. Allis Chalmers Corp.*, 162 Wis. 2d 261, 288, 470 N.W.2d 859 (1991) (Abrahamson, C.J., concurring).

Comment b. to § 26, 1 Restatement (Third) of the Law Governing Lawyers (2000) explains that "[l]awyers . . . are recognized as agents for their clients in litigation and other legal matters." Section 26 provides that "[a] lawyer's act is considered to be that of a client in proceedings before a tribunal or in dealings with third persons when: (1) the client has expressly or impliedly authorized the act . . . ."

Section 27 of the Restatement further provides: "A lawyer's act is considered to be that of the client in proceedings before a tribunal or in dealings with a third person if the tribunal or third person reasonably assumes that the lawyer is authorized to do the act on the basis of the client's (and not the lawyer's) manifestations of such authorization."

[25] *See Johnson v. Allis Chalmers Corp.*, 162 Wis. 2d 261, 273, 470 N.W.2d 859 (1991).

Comment b. to § 26, 1 Restatement (Third) of the Law Governing Lawyers (2000), acknowledges that "[i]n practice, however, clients are sometimes unable to control their lawyer's conduct and accordingly may sometimes be excused from the consequences of their lawyer's behavior when that can be done without seriously harming others."

¶ 37.   In *Johnson,* the attorney missed numerous court-ordered deadlines, which greatly prolonged discovery.[26] The circuit court dismissed the case because of the attorney's negligence.[27] This Court concluded that the circuit court had discretion whether to impute the conduct of the attorney to the client and whether to sanction the client for the attorney's conduct. The court concluded that the circuit court properly exercised its discretion in that case.[28]

¶ 38.   The *Johnson* court concluded that even though the attorney's negligence harmed the client, the client could not separate himself from the acts of his agent.[29] In *Johnson,* the court concluded that equity supported placing the adverse consequences on the client who chose the non-complying attorney rather than burdening the adversary affected by the delay.[30] Thus, *Johnson* teaches that the attorney-client agency doctrine is not always applied to bind a client by the attorney's act.[31]

---

[26] *Johnson,* 162 Wis. 2d at 266.

[27] *Id.* at 284.

[28] *Id.* at 285, 287.

[29] *Id.* at 284.

[30] *Id.* at 285.

[31] We do not adopt the discretionary standard set forth in *Johnson* because were we to hold that a circuit court could decide on a case-by-case basis whether an attorney waived the privilege, the attorney-client privilege would not be sufficiently protected. A privilege must be predictable to have its intended effect. In *Berg Electronics., Inc. v. Molex, Inc.,* 875 F. Supp. 261, 262 (D. Del. 1995), the court stated that "[a]n uncertain privilege is a privilege that is little better than no privilege at all."

¶ 39. The policies that supported imputing an attorney's conduct to the client in *Johnson* do not support imputing to a client an attorney's voluntary disclosure of attorney-client privileged documents in a case like the one at bar. For that reason the agency doctrine does not apply to waiver of attorney-client privilege as it relates to privileged documents.

¶ 40. One reason we applied the agency doctrine in *Johnson* was that the agency doctrine promoted the functioning of the justice system.[32] The court-ordered dismissal in *Johnson* would motivate clients to police attorneys and would discourage conduct harmful to an adversary and the justice system. In the present case, the clients are already motivated to prevent release of attorney-client privileged documents, and protecting the attorney-client privilege promotes the functioning of the justice system.

¶ 41. The defendants argue that recognizing the lawyer's waiver in the present case promotes quality legal representation and fosters the functioning of the judicial system by holding counsel to a reasonable standard of care regarding voluntary release of attorney-client privileged documents. We disagree with the defendants. We would be placing too heavy a burden on the attorney-client relationship if an attorney were allowed to waive the attorney-client privilege in cases like the present case.

---

[32] *Johnson,* 162 Wis. 2d at 283.

¶ 42. The purpose of the attorney-client privilege is to promote "full and frank communication" between client and attorney.[33] Full and frank communication is in turn promoted by endowing the communication with confidentiality.[34]

¶ 43. If the privilege did not exist, "everyone would be thrown upon his own legal resources. Deprived of all professional assistance, a man would not venture to consult any skillful person, or would only dare to tell his counselor half his case."[35] Attorney-client communication is promoted when a client may give documents to an attorney that further the representation without fearing that the attorney will release the documents to an adversary who will use the documents against the client. Clients aware that an attorney's disclosure waives the privilege may keep critical information from their attorney, thus thwarting

[33] *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). *See also* 1 *McCormick on Evidence* § 92 at 369 (John William Strong ed., 5th ed. 1999).

A "triad of assumptions" underlies the client-communication theory: (1) that "complex laws and technically-refined doctrine requir[e] the assistance of trained lawyers"; (2) that "sound legal advice depend[s] upon a complete knowledge of the facts"; and (3) that "clients probably would not divulge factual information unless assured of confidentiality." Daniel D. Blinka, *Evidence,* § 503.1 at 258 n.17 (2d ed. 2001).

[34] *Wisconsin Rules of Evidence,* 59 Wis. 2d at R150. *See Jax v. Jax,* 73 Wis. 2d 572, 579, 243 N.W.2d 831 (1976); *Jacobi v. Podevels,* 23 Wis. 2d 152, 157, 127 N.W.2d 73 (1964); *Cont'l Cas. Co. v. Pogorzelski,* 275 Wis. 350, 353, 82 N.W.2d 183 (1957) (citing *Bruley v. Garvin,* 105 Wis. 625, 631, 81 N.W. 1038 (1900)).

[35] 8 *Wigmore on Evidence* § 2291 at 546 (John T. McNaughton rev., 1961).

the policy of the free flow of information that lies behind the attorney-client privilege. One way to encourage a client to communicate fully with his or her attorney is to hold that only the client should be able to waive the attorney-client privilege.

¶ 44. The defendants assert that the purpose of a trial is to find the truth and that a holding that an attorney waives the attorney-client privilege by disclosure would help bring out the truth and promote the functioning of the justice system. The defendants make a good point, but the judicial system has viewed confidential communications, in the long run, as the best way of arriving at the truth and of promoting the functioning of the justice system.

¶ 45. Consequently the significant reasons for the application of the attorney-client agency doctrine in *Johnson* do not support applying the agency doctrine to the present case, in which an attorney voluntarily disclosed attorney-client privileged documents to opposing counsel during discovery without the consent or knowledge of the client. Allowing the defendants to keep and use the privileged documents would grant them an undeserved windfall.[36]

■

¶ 46. In sum, the texts of Wis. Stat. §§ (Rules) 905.03 and 905.11, the case law, and the policies undergirding the attorney-client privilege support our conclusion that a lawyer, without the consent or knowledge of a client, cannot waive the attorney-client privilege by voluntarily producing privileged documents (which the attorney does not recognize as privileged) to an opposing attorney in response to a discovery request. We hold

---

[36] Richard L. Marcus, *The Perils of Privilege: Waiver and the Litigator*, 84 Mich. L. Rev. 1605, 1615 (1986).

that only the client can waive the attorney-client privilege under Wis. Stat. § (Rule) 905.11 regarding attorney-client privileged documents.

¶ 47. The documents remain protected by the privilege because the plaintiffs did not waive their attorney-client privilege. Accordingly, we affirm the circuit court's order. According to the order, the attorney-client privileged documents, and all copies thereof, must be returned to the plaintiffs and the exhibits listed in the order shall not be used for purposes of any discovery deposition and shall not be shared with experts.

██

¶ 48. We acknowledge that the information obtained from the documents before the plaintiffs made any objection to the disclosure cannot easily be erased from the minds of defense counsel or the defendants with whom the documents were shared.[37] The defendants argue that it is not reasonable or practical to try to "unring the bell." But a return of the documents and the circuit court's prohibition of their use is the only remedy available in this proceeding.[38]

¶ 49. The decision of the court of appeals is reversed, and the order of the circuit court is affirmed.

*By the Court.*—The decision of the court of appeals is reversed.

---

[37] According to the defendants' brief, defense counsel provided these documents to the defendants and used the documents to prepare for pending depositions, to conduct a fact investigation, in meetings with the defendants, and in filing a summary judgment motion. Brief of Defendants-Third-Party Plaintiffs-Appellants at 3–4.

[38] *Int'l Digital Sys. Corp.,* 120 F.R.D. at 449.

¶ 50. DIANE S. SYKES, J., did not participate.